O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-5893 PSG (SSx) | Date | May 24, 2010 |
|---|---|---|---|
| Title | Capital Bank PLC v. M/Y Birgitta *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Denying Plaintiff's *Ex Parte* Application for Interlocutory Sale of Vessel and Credit Bid by Plaintiff

Pending before the Court is Plaintiff's *Ex Parte* Application for Interlocutory Sale of Vessel and Credit Bid by Plaintiff. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES Plaintiff's application.

I.      Background

On May 12, 2010, Plaintiff Capital Bank PLC ("Plaintiff") applied *ex parte* for a Court-ordered U.S. Marshall sale of the Defendant yacht Birgitta (the "vessel"), and permission to submit a credit bid to purchase the vessel, nearly two months before trial and more than four years after the vessel's arrest. Plaintiff has a $1,265,203.90 preferred mortgage lien on the vessel.[1] *See App.* 4:5-6. On May 4, 2006, Plaintiff filed an action against the vessel *in rem* and Defendant Juanita ("Juanita") to foreclose on the mortgage, and the vessel was promptly arrested and turned over to a substitute custodian. Plaintiff voluntarily dismissed the case without prejudice to pursue settlement, and the parties agreed to keep the vessel in the custody of the substitute custodian during this period. After the parties failed to settle, Plaintiff filed this action on September 9, 2008.

---

[1] On December 2, 2009, the Court denied Defendants' motion to dismiss for lack of subject matter jurisdiction, finding that Plaintiff has a "preferred mortgage" under the Ship Mortgage Act ("SMA"), 46 U.S.C. § 31325(b)(1), (c).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5893 PSG (SSx) | Date | May 24, 2010 |
|---|---|---|---|
| Title | Capital Bank PLC v. M/Y Birgitta *et al.* | | |

Since its original arrest in 2006, the vessel has suffered significant deterioration, with decay in the topsides, brightwork, exterior, machinery, electrical, and electronic equipment. *See Beaumont Decl.* ¶¶ 5-6. On May 12, 2010, a day before the motion filing cut-off deadline, Plaintiff filed an *ex parte* Application for Interlocutory Sale of Vessel and Credit Bid by Plaintiff (the "Application"). Juanita filed a timely opposition, with Specially Appearing Claimant Cover Drive, Inc. ("Cover Drive") filing an opposition one day late.

II.     Legal Standard

The law on *ex parte* applications is well-settled in this circuit. In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). As the Court's Standing Order makes clear, "[e]x parte applications are solely for extraordinary relief." *Standing Order* ¶ 10.

III.    Discussion

Federal courts have exclusive jurisdiction over the foreclosure of foreign ship mortgages on U.S.-flagged vessels, *see* 46 U.S.C § 31325(b)(1), (c), and a court may order the sale of a vessel to enforce a preferred mortgage on that vessel, *see* 46 U.S.C. § 31326. Additionally, a party may apply for the interlocutory sale of property under arrest if (1) the property is liable to "deterioration, decay, or injury by being detained in custody pending the action," (2) upkeep expense is excessive or disproportionate, or (3) there is unreasonable delay in securing the release of the property. *See* Supp. Admiralty Rule E(9)(b). In its Application, Plaintiff contends that it is entitled to an interlocutory sale of the vessel on all three grounds. Further, Plaintiff wishes to place a credit bid in an amount of $10,465,528.95 to purchase the vessel. The Court, however, denies the Application because Plaintiff has not demonstrated an entitlement to *ex parte* relief in this matter and Plaintiff's notice appears to have been defective.

    A.     Plaintiff Created the Alleged Emergency by Failing to File a Motion for Interlocutory Sale at an Earlier Date

As argued by Juanita and Cover Drive in their respective oppositions, the grounds that Plaintiff purports to satisfy at the time of application were in existence long before the Application was filed. The vessel has been in custody for over four years, and Plaintiff has not

.
.

.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5893 PSG (SSx) | Date | May 24, 2010 |
|---|---|---|---|
| Title | Capital Bank PLC v. M/Y Birgitta *et al.* | | |

explained why it delayed in seeking an interlocutory sale or why its request could not be addressed as a regularly noticed motion. *See Mission Power*, 883 F. Supp. at 492 (noting that *ex parte* applicants must demonstrate why they should be permitted to "go to the head of the line in front of all other litigants and receive special treatment"). Therefore, the Court DENIES Plaintiff's *ex parte* application for interlocutory sale.[2]

      B.     <u>Plaintiff Failed to Comply with Local Rule 7-19.1</u>

Additionally, Plaintiff apparently failed to comply with the Local Rules in filing the Application. As required by Local Rule 7-19.1, Plaintiff claims to have provided the requisite notice to opposing counsel. *See Notice* 2:12-16 ("Counsel for the Bank has advised counsel for defendants JUANITA GROUP LIMITED and M/Y BIRGITTA and counsel for Specially Appearing Claimant COVER DRIVE INC. of the date, time and substance of this *Ex Parte* Application. Counsel for defendants JUANITA GROUP LIMITED and M/Y BIRGITA has stated that he will timely oppose the *Ex Parte* Application within 24 hours."). In support of this claim, Plaintiff's counsel provides a declaration, stating that he met and conferred with opposing counsel pursuant to Local Rule 7-3—which governs motions, not *ex parte* applications—"on many occasions" since 2007 to discuss the issues raised in the Application. *See Brucculeri Decl.* ¶ 4. Without specifying the nature or time of the purported discussion, Plaintiff's counsel claims to have advised opposing counsel of the date, substance, and time of the Application. *See id.*

Contrary to this version of the events, counsel for Juanita claims that he never discussed this *ex parte* with Plaintiff's counsel. *See Coppenrath Decl.* ¶ 3. He further declares that he was never served the Application by personal delivery or facsimile, in violation of the Court's Standing Order. *See id.* ¶ 4; *see also Standing Order* ¶ 10 ("The moving party shall serve the opposing party by facsimile transmission and shall notify the opposition that opposing papers must be filed not later than 3:00 p.m. on the first business day following such facsimile service."). Rather, Juanita's counsel became aware of the *ex parte* only by an automated e-mail notice through the Central District's Notice of Electronic Filing system. *See Coppenrath Decl.* ¶ 4. Additionally, counsel for Cover Drive claims that "Mr. Brucculeri never communicated with me regarding the proposed Ex Parte Application, or the concept of an interim sale of the Vessel." *Favish Decl.* ¶ 7. As Plaintiff has not demonstrated compliance with Local Rule 7-19.1, the Court also DENIES Plaintiff's Application on this additional ground.

---

      [2] As the Court declines to order a sale of the vessel at this time, the Court does not address Plaintiff's request to place a credit bid.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 08-5893 PSG (SSx) | Date | May 24, 2010 |
|---|---|---|---|
| Title | Capital Bank PLC v. M/Y Birgitta *et al.* | | |

IV.     Conclusion

Based on the foregoing, the Court DENIES Plaintiff's *Ex Parte* Application for Interlocutory Sale of Vessel and Credit Bid by Plaintiff.

**IT IS SO ORDERED.**