Bruce I. Favish, CSBN 105686
bfavish@gmail.com
**LAW OFFICES OF BRUCE IAN FAVISH**
605 Erskine Drive
Pacific Palisades, CA 90272-4250
Telephone: (310) 573-7822
Facsimile:  (310) 573-7823

Attorney for Specially Appearing Claimant COVER DRIVE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL BANK PLC. (a subsidiary of Bank of Scotland) | Case No. 2:08-cv-05893-PSG (SSx) IN ADMIRALTY |
| Plaintiff, | MEMORANDUM OF CONTENTIONS OF FACT AND LAW |
| vs. | [L.R. 16-4] |
| M/Y BIRGITTA, Official No.: 910659, and her engines, tackle and apparel etc., in rem; and JUANITA GROUP LIMITED, in personam, | Pretrial Conference: June 28, 2010 Court Trial:  July 13, 2010 |
| | Assigned to: The Hon. Philip S. Gutierrez Courtroom: 880, Roybal Building |
| Defendants. | Complaint Filed: September 9, 2008 |

Pursuant to Local Rule 16-4, Specially Appearing Claimant and Defendant

COVER DRIVE INC. respectfully submits this Memorandum of Contentions of Fact and Law.

## CLAIMS AND DEFENSES

I.    Claims of Plaintiff Capital Bank PLC

Claim 1:    Breach of Contract - *In Personam*

Claim 2:    Breach of Contract - *In Rem*

A.  Elements Required to Establish Plaintiff's Claims

    1.  In rem jurisdiction over defendant vessel BIRGITTA (the existence of a

foreign preferred ship mortgage as required by the Maritime Commercial Instruments

and Liens Vessel Identification System Act of 1988 (46 USC §§31301 et seq.), formerly

-1-

1   known as the Ship Mortgage Act (hereafter "SMA").

2       2.  In personam jurisdiction over Specially Appearing Defendant and Claimant

3   JUANITA.

4       3.  The existence of an enforceable contract under the laws of England.

5       4.  An actionable breach of that contract.

6       5.  Damages proximately caused by that breach.

7   B.  Key Evidence in Opposition to Plaintiff's Claims

8       1.  The deposition testimony of JUANITA's former shareholder and director Carl

9   Freer, expert testimony and supporting documents will establish that the CAPITAL

10  BANK mortgage had to be registered at both ROSS and Companies House in the UK

11  because at all relevant times JUANITA had an established place of business in the UK,

12  the BIRGITTA was in the UK, JUANITA was owned and operated by UK residents,

13  and engaged in significant commercial activity in the UK.

14      2.  Plaintiff's admission that it did not register its mortgage with Companies

15  House in England.  (Stipulated Fact 34 - Pacer Document 35.)

16      3.  Documents and testimony establishing that COVER DRIVE registered its

17  mortgage with both ROSS and with Companies House, including Joint Exhibit 290.

18      4.  Documents and testimony establishing that JUANITA purchased the

19  BIRGITTA from COVER DRIVE for conditional consideration, of which CAPITAL

20  BANK knew or should have known prior to making the $6 million loan to JUANITA,

21  which consideration was rendered worthless through no fault of COVER DRIVE, as a

22  consequence of which JUANITA granted a valid ship's mortgage to COVER DRIVE,

23  which has priority over the CAPITAL BANK mortgage.

24      5.  If before trial, as currently anticipated, liquidation proceedings are initiated in

25  England, Plaintiff's mortgage may well be declared void, relegating Plaintiff to the

26  status of a general unsecured creditor.  Upon that occurrence, not only will Plaintiff not

27  have a preferred ship mortgage under U.S. law, but also will have no mortgage under

28  English law.

COVER DRIVE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

6.  Testimony and documents will establish that before the original arrest of the BIRGITTA in May 2006: (a) there were no breaches of contract; (b) there were no payment or insurance defaults; (c) Plaintiff had either waived the UK waters restriction or consented to the BIRGITTA being in U.S. waters; and, (d) Plaintiff had no reasonable grounds to believe its security was in jeopardy.

7.  Plaintiff has failed to mitigate its damages by: (a) arresting the BIRGITTA in May 2006 without factual or legal grounds to do so; and (b) refusing to accept a January-March 2007 good faith all cash offer by a third party to purchase the BIRGITTA for $6.25 million.  That amount would have paid Plaintiff all of its damages claims (including all arrest costs, attorneys' fees, accrued interest and the full amount outstanding under the loan).  COVER DRIVE contends that this absolute failure to mitigate damages means that Plaintiff cannot establish the damages element of its claim.

II.   Claims of Claimant COVER DRIVE INC.

Claim 1:    Specially Appearing Claimant and Defendant COVER DRIVE INC. filed a verified Statement of Claim asserting its ownership interest in the BIRGITTA based on having received a ship's mortgage for good and valuable consideration, and duly registered the mortgage with ROSS and with Companies House.  CAPITAL BANK contests COVER DRIVE's claim;   BIRGITTA does not.

A.  Elements of COVER DRIVE's Claim.

1.  A valid ship's mortgage under the laws of the United Kingdom.

2.  Valid registration of its mortgage with ROSS and Companies House.

3.  Priority over CAPITAL BANK's mortgage.

III.  COVER DRIVE's Affirmative Defenses

First Affirmative Defense:  Lack of Subject Matter Jurisdiction

Second Affirmative Defense:  Failure to Mitigate Damages

Third Affirmative Defense: Existence of a Superior Security Interest

A.  Elements Required to Establish COVER DRIVE's First Affirmative Defense

-3-

First Affirmative Defense: Lack of Subject Matter Jurisdiction:

>Neither the Exhibits to the First Amended Complaint nor any other documents constitute a duly registered ship mortgage under English Law in Plaintiff's favor, and therefore Plaintiff does not have a foreign preferred ship mortgage under 46 U.S.C. § 31301on the Vessel and this Court has no subject matter jurisdiction over this dispute.

1.  The Court's subject matter jurisdiction stems directly and exclusively from the provisions of the Maritime Commercial Instruments and Liens Vessel Identification System Act of 1988 (46 USC Sec. 31301, et seq.), formerly known as the Ship Mortgage Act (hereafter "SMA").  46 USC Sec. 31301(6) (B).

2.  In order to constitute a preferred mortgage under the SMA, a ship mortgage on a foreign vessel must be registered in compliance with the laws of the applicable foreign country.  ("…a mortgage can only be deemed a 'referred mortgage' if it has been registered in accordance with applicable foreign law."  Court Order of December 2, 2009, Doc. 117, pg. 4.)

3.  The applicable foreign law in this case is English, and English Law requires dual registration of company-owned vessels:

>Dual registration requirement.  There is no statutory exemption under the company charges registration system in relation to a registered or registrable ship mortgage under the merchant shipping legislation.

Pennington, Company Law (8th Ed., 2001), Doc. 66-21, pg 13.

4.  CAPITAL BANK did not register the subject mortgage as a "charge" with Companies House, and as a consequence, its security is void as against a liquidator or administrator:

>Certain charges void if not registered.

>(1) Subject to the provisions of this Chapter, a charge created by a

-4-

company registered in England and Wales and being a charge to
which this section applies is, so far as any security on the
company's property or undertaking is conferred by the charge, void
against the liquidator or administrator and any creditor of the
company, unless the prescribed particulars of the charge together
with the instrument (if any) by which the charge is created or
evidenced, are delivered to or received by the registrar of
companies for registration in the manner required by this Chapter
within 21days after the date of the charge's creation.

(2) Subsection (1) is without prejudice to any contract or obligation
for repayment of the money secured by the charge; and when a
charge becomes void under this section, the money secured by it
immediately becomes payable.

1985 Companies Act, Sec. 395.

5.  If the Court rules against CAPITAL BANK's claims on the grounds that its mortgage did not satisfy the dual registration requirement under English law, *ipso facto*, if COVER DRIVE did comply with the dual registration is requirement, its mortgage must be given priority over CAPITAL BANK's.

6.  Whether or not JUANITA or COVER DRIVE have standing to invoke the above-quoted provisions of Sec. 395, a liquidator clearly does.  Assuming the imminent appointment of a liquidator for JUANITA in the United Kingdom, his or her avoidance of CAPITAL BANK's unregistered mortgage would relegate CAPITAL BANK to the status of a general unsecured creditor.

7.  Insofar as foreign ship mortgages are concerned, the SMA permits only the enforcement of mortgages complying with foreign law, not those contravening it.  How can a foreign mortgage "voided" in its country of origin still be granted preferred mortgage status under the SMA?  Even where (unlike here) the correct recording procedures are followed, registration alone does not turn an invalid mortgage into a

1    valid preferred mortgage.  *Bergren v. Davis*, 287 F.Supp. 52, 55 (D.Conn., 1968).

2         8.  If, following avoidance by a liquidator, the subject mortgage can no longer

3    claim "preferred mortgage" status under the SMA, then subject matter jurisdiction no

4    longer exists.  *Privilege Yachting, Inc. v. Teed*, 849 F.Supp. 298 (D.Del., 1994).  In

5    deciding an earlier Motion to Dismiss, this Court ruled that Plaintiff's registration at

6    ROSS was sufficient for purposes of subject matter jurisdiction even if (and without

7    deciding whether) CAPITAL BANK was obligated to comply with the dual registration

8    requirements of English Law.  In the interests of judicial economy and preservation of

9    the record for appeal, BIRGITTA and/or COVER DRIVE will present evidence at trial

10   establishing that the dual registration (ROSS and Companies House) was mandatory

11   under English Law – an issue that was not reached by this Court in its earlier motion

12   ruling.  A trial court decision on the mandatory dual registration issue will allow the

13   Court of Appeal to fully address BIRGITTA's jurisdictional challenge, i.e., if the Court

14   of Appeals determines that ROSS registration alone was insufficient to establish the

15   existence of a preferred ship mortgage under the SMA if the BIRGITTA mortgage was

16   subject to the dual registration requirement, there would be no need to remand for a trial

17   court finding of whether the dual registration requirement applied to the BIRGITTA

18   mortgage.  This Court will have already decided this latter issue, and the Court of

19   Appeal will be able to resolve the entire question based on the trial record.

20   B.  Key Evidence in Support of COVER DRIVE's First Affirmative Defense

21        1.  Plaintiff admits (Stipulated Fact 34): "The BANK never registered The

22   Registrar of Seaman and Shipping ("ROSS") Mortgage of a Ship (Exhibits 2 and 2A),

23   The Marine Loan (Exhibits 1and IA), and the Marine Mortgage (Exhibits 3 and 3A) or

24   any summary of those documents or any document that referenced those documents

25   [with] the Registrar of Companies in the UK."  The additional key evidence in support

26   of this Affirmative Defense will be the testimony and documents referred to above

27   establishing that JUANITA had an established place of business in the UK and hence

28   the Plaintiff's mortgage was subject to the dual registration requirements of English

-6-

law.

C.  <u>Elements of COVER DRIVE's Second Affirmative Defense</u>

Second Affirmative Defense: Failure to Mitigate Damages

> Claimant is informed and believes that Plaintiff has failed to mitigate its damages by, *inter alia*, failing in or about January 2007 to accept a bona fide tender of payment in full for all of its claims in this litigation by Claimant.

1.  Damages are a matter of substantive, rather than procedural, law.  *In re Air Crash Disaster, etc.*, 982 F.2d 1271 (9 Cir., 1989).

2.  The subject mortgage contains an English Law choice of law clause.

3.  Under English Law, the plaintiff must take all reasonable steps to mitigate the loss which he has sustained and, if he fails to do so, he cannot claim damages for any such loss which he ought reasonably to have avoided.  British Westinghouse Electric and *Manufacturing Co. Ltd. v. Underground Electric Rlys Co. of London Ltd.* [1912] AC 673 at 689.

4.  Under English Law, the plaintiff must act not only in his own interests but also in the interests of the defendant and keep down the damages, so far as it is reasonable and proper, by acting reasonably in the matter.  *Smailes & Son v. Hans Dessen & Co.* [1905] 94 LT 492 at 493.

D.  <u>Key Evidence in Support of COVER DRIVE's Second Affirmative Defense</u>

1.  Testimony and documents will establish: (a) it was commercially unreasonable and unnecessary to arrest the vessel in May 2006 because there had been no defaults and any payment, insurance, or navigation area issues could easily have been resolved without arresting the BIRGITTA; (b) Plaintiff unreasonably refused a good faith offer from a qualified third-party buyer made during January-March 2007 for an all cash payment of $6.25 million which amount would have completely covered all of Plaintiff's damages and costs (interest, arrest costs, attorneys fees, and the outstanding balance of the loan.); and, (c) Plaintiff failed to reasonably monitor and

control the substitute custodians fees and costs.

E. Elements of COVER DRIVE's Third Affirmative Defense

Third Affirmative Defense: Existence of a Superior Security Interest

>Under English law, Claimant has a fully perfected and duly
>registered foreign ship mortgage on the BIRGITTA that is superior
>to any interest that Plaintiff may have and Claimant's secured
>interest substantially exceeds the current market value of the
>BIRGITTA.  Consequently, under English law Plaintiff, as an
>unsecured creditor, is not entitled to recover any amount against
>the BIRGITTA.

1.  COVER DRIVE must establish that it has a duly registered ship mortgage on the BIRGITTA in full conformity with the dual registration requirements of English Law, and that CAPITAL BANK does not.  According to Pennington, *supra*, Doc. 66-21, at pg. 14:

>…[A] ship mortgage registered first in the ship register but
>unregistered in the company charges register loses the benefit of
>first priority in the ship register through invalidation under the
>companies legislation as against a subsequent mortgage registered
>under both systems but registered only second in the ship register.
>Ship registration cannot exclude the invalidation provision in the
>company system.  (emphasis added.)

F. Key Evidence in Support of COVER DRIVE's Third Affirmative Defense

1.  CAPITAL BANK admits it did not register its mortgage with Companies House.  (Stipulated Fact 34.)  In July 2007, the JUANITA Board of Directors formally recognized JUANITA's $10.5 million debt to COVER DRIVE for the unpaid purchase price related to JUANITA's acquisition of the BIRGITTA in March 2005.  JUANITA granted COVER DRIVE a ship mortgage which COVER DRIVE timely registered with both ROSS and Companies House in the UK.  If liquidation proceedings for JUANITA

1    are underway by the time of trial, then proof of that fact will also be presented.

2          2.   Documents and testimony establishing that COVER DRIVE registered its

3    mortgage with both ROSS and with Companies House, including Joint Exhibit 290.

4          3.   Documents and testimony establishing that JUANITA purchased the

5    BIRGITTA from COVER DRIVE for conditional consideration, of which CAPITAL

6    BANK knew or should have known prior to making the $6 million loan to JUANITA,

7    which consideration was rendered worthless through no fault of COVER DRIVE, as a

8    consequence of which JUANITA granted a valid ship's mortgage to COVER DRIVE,

9    which has priority over the CAPITAL BANK mortgage.

10   IV.   Similar Statements for all Third Parties

11         There are no Third-Party Plaintiffs or Third-Party Defendants.

12   V.    Anticipated Evidentiary Issues

13         The only currently anticipated evidentiary issues are those specified in Plaintiff's two

14   pending Motions in Limine

15   VI.   Issues of Law

16         COVER DRIVE anticipates the following issues of law:

17         1.   Under English Law, whether JUANITA had an established place of business

18   in the UK such that the Plaintiff's mortgage had to be registered at Companies House.

19         2.   Under English Law, whether the COVER DRIVE 2007 ship mortgage, having

20   been registered in full compliance with the dual registration requirements: (a) is a

21   superior security interest; and (b) with or without a liquidation of JUANITA, is

22   relegated Plaintiff to the status of a general unsecured creditor.

23         3.   Under English law, whether JUANITA and/or BIRGITTA remained obligated

24   to comply with certain mortgage obligations after the May 2006 arrest of the

25   BIRGITTA if that arrest lacked legal and factual merit.

26         4.   Under English Law, whether any mortgage obligations other than the

27   obligation to repay the loan remained if the debt was automatically accelerated 21 days

28   after its creation because the Plaintiff's mortgage was not registered at Companies

-9-

House.

5.  Under English law, whether Cover Drive has a valid and enforceable mortgage on the BIRGITTA, which was duly registered with ROSS and Companies House and has priority over CAPITAL BANK's mortgage.

VII.   Bifurcation of Issues

If a liquidation proceeding for JUANITA is initiated before trial begins, BIRGITTA contends it would be appropriate for the Court first to consider the subject matter jurisdictional issues created by the liquidation before proceeding with trial on the merits.

VIII.   Jury Trial

Not applicable.

IX.   Attorneys' Fees

Under English Law and the loan documents, attorneys fees may be awarded (Exhibit 1 paragraph 12.1).

X.   Abandonment of Issues

COVER DRIVE has not abandoned any issues.

Dated: June 7, 2010                     LAW OFFICES OF BRUCE IAN FAVISH


                                        By:   /s/ Bruce I. Favish
                                           Bruce I. Favish, Attorney for Specially
                                           Appearing Claimant COVER DRIVE INC.