Bruce I. Favish, CSBN 105686
bfavish@gmail.com
**LAW OFFICES OF BRUCE IAN FAVISH**
605 Erskine Drive
Pacific Palisades, CA 90272-4250
Telephone: (310) 573-7822
Facsimile:  (310) 573-7823

Attorney for Specially Appearing Claimant COVER DRIVE INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL BANK PLC. (a subsidiary of Bank of Scotland) <br><br> Plaintiff, <br><br> vs. <br><br> M/Y BIRGITTA, Official No.: 910659, and her engines, tackle and apparel etc., <u>in rem;</u> and JUANITA GROUP LIMITED, <u>in personam,</u> <br><br> Defendants. | Case No. 2:08-cv-05893-PSG (SSx) <br><br> ***IN ADMIRALTY*** <br><br> **OPPOSITION OF COVER DRIVE INC. TO MOTION *IN LIMINE* NO. 2 FOR AN ORDER EXCLUDING THE CLAIM OF COVER DRIVE INC. DUE TO FAILURE TO COMPLY WITH COURT'S FILING DEADLINE; DECLARATION OF BRUCE I. FAVISH** <br> [PARTIAL] <br><br> Assigned to: The Hon. Philip S. Gutierrez <br> Courtroom: 880, Roybal Building <br><br> Complaint Filed: September 9, 2008 <br> FPC: June 28, 2010, at 2:30 p.m. <br> Trial Date: July 13, 2010, at 9:00 a.m |

Specially Appearing Claimant COVER DRIVE INC. ("Cover Drive") hereby submits

this Opposition to Motion *In Limine* No. 2 for an Order Excluding the Claim of Cover Drive

Inc. Due to Failure to Comply With Court's Filing Deadline, filed by Plaintiff CAPITAL

BANK PLC. ("the Bank").

## I.

## INTRODUCTION.

The Bank's Motion *In Limine* No. 2,while inappropriately styled as a motion in limine,

is, in effect, a motion for entry of default against Cover Drive and for entry of judgment in

favor of the Bank with respect to its *in rem* claim, pursuant to Local Rule C.4 (RC-C.4.) and

-1-

1   C.5 (RC-C.5).  As set forth herein below, not only has the Bank failed in multiple respects to

2   satisfy the preconditions for obtaining (or avoiding the setting aside of) such a default and

3   judgment, the undisputed evidence is that Cover Drive <u>did</u> comply with the filing deadlines as

4   set forth and published by the Bank itself.  The Bank's motion is frivolous and in bad faith.

## II.

## RELEVANT FACTS.

On July 30, 2007, Juanita Group Limited ("Juanita") executed a mortgage in favor of Cover Drive.

On August 15, 2007, the Cover Drive mortgage was duly registered against the M/Y BIRGITTA with the UK Ship Register at the Registry of Shipping & Seamen in Cardiff, which registry is "a governmental registry of recorded property interests or security interests in the property," pursuant to Local Rule C.4. (RC-C.4.)(b)(3).  *See* Declaration of Bruce I. Favish, Ex. "A."

On August 16, 2007, the Cover Drive mortgage was duly registered on the Slavenburg Registry with Companies House in Cardiff, which registry is "a governmental registry of recorded property interests or security interests in the property," pursuant to Local Rule C.4. (RC-C.4.)(b)(3).  *See* Declaration of Bruce I. Favish, Ex. "B."

On September 9, 2008, the Bank commenced this action by filing a complaint (Dkt. #1), and on the same date filed a Request for *Ex Parte* Review by the Court, Application for Issuance of a Warrant of Arrest and Application for Appointment of Substitute Custodian (Dkt. #5).

On September 9, 2008, the Court issued an Order for Issuance of Warrant for Arrest of Vessel and Directing Manner of Notice to Suit authorizing the arrest of the M/Y BIRGITTA (Dkt. #10).

On September 16, 2008, the M/Y BIRGITTA was arrested by the United States Marshal.

On September 26, 2008, a "Notice of Arrest of M/Y BIRGITTA" was published in the Los Angeles Daily Journal.

---

**OPPOSITION OF COVER DRIVE INC. TO MOTION *IN LIMINE* NO. 2**

1   The Bank made no attempt to notify Cover Drive of the September 9, 2008, action or

2   the September 16, 2008 arrest of the M/Y BIRGITTA, as required by C.4. (RC-C.4.)(b)(3),

3   despite the fact that Cover Drive's mortgage was registered with both requisite UK registries at

4   the time the Bank filed its action and had the M/Y BIRGITTA arrested.

5   On March 27, 2009, the Bank filed a First Amended Complaint (Dkt. #84).

6   On July 9, 2009, the Bank's attorneys filed and served a "Notice of Service of First

7   Amended Complaint on M/Y BIRGITTA *In Rem* Currently in *Custodia Legis*" (Dkt. #84),

8   stating in pertinent part (emphasis added):

9   NOTICE IS HEREBY GIVEN to all persons claiming the

10   defendant M/Y BIRGITTA or knowing or having anything to say

11   why the same should not be condemned and forfeited that such

12   person(s) entitled to possession or who claims an interest in and to

13   said vessel pursuant to *Supplemental Rule* C(6) must file his or her

14   claim with the Clerk of the District Court and serve a copy of it on

15   attorneys fo plaintiff . . . ___**within ten (10) days after publication of**___

16   ___**this Notice**___, or within such additional time as the Court may allow,

17   and must file his or her answer to the Verified First Amended

18   Complaint herein within twenty (20) days after the filing of his or

19   her claim(s), and that ___**all interested persons should file claims and**___

20   ___**answers within the times so fixed, otherwise default may be**___

21   ___**entered**___ and condemnation ordered against any person not so

22   complying.

23   On July 30, 2009, the Bank's attorneys filed a "Proof of Publication," reflecting

24   publication on July 15, 2009, of a "NOTICE OF SERVICE OF FIRST AMENDED

25   COMPLAINT ON M/Y BIRGITTA IN REM CURRENTLY IN CUSTODIA LEGIS."

26   Among other things, such notice states (emphasis added):

27   NOTICE IS HEREBY GIVEN to all persons claiming the

28   defendant vest M/Y BIRGITTA or knowing or having anything to

-3-

**OPPOSITION OF COVER DRIVE INC. TO MOTION *IN LIMINE* NO. 2**

say why the same should not be condemned and forfeited that such person(s) entitled to possession or who claims an interest in and to said vessel pursuant to Supplemental Rule C(6) must file his or her claim with the Clerk of the District Court and serve a copy of it on attorneys for plaintiff . . . *__within ten (10) days after publication of this Notice__*, or within such additional time as the Court may allow, and must file his or her answer to the Verified First Amended Complaint herein within twenty (20) days after the filing of his or her claim(s), and that *__all interested persons should file claims and answers within the times so fixed, otherwise default may be entered__* and condemnation ordered against any person not so complying.

The Bank made no attempt to notify Cover Drive of the First Amended Complaint or the July 15 ,2009, publication of the "Notice of First Amended Complaint," as required by C.4. (RC-C.4.)(b)(3), despite the fact that Cover Drive's mortgage was registered with both requisite UK registries nearly two (2) years earlier and such fact was readily ascertainable. *See* Declaration of Bruce I. Favish.

On July 24, 2009 – nine (9) days after publication of the Bank's notice of the First Amended Complaint – Cover Drive filed a "Verified Statement of Claim of Right and Interest," pursuant to Supp. Admiralty Rule C(6) (Dkt. #91).

On August 10, 2009, Specially Appearing Claimant Juanita Group Ltd. ("Juanita") and Cover Drive, filed motions to dismiss the First Amended Complaint (Dkt. # 92 and #94).  One of the grounds for such motion was that the original Complaint, upon which the Warrant of Arrest was issued, was superseded by the filing and service of the First Amended Complaint, and no Warrant of Arrest issued pertaining to the allegations and claims set forth in the latter pleading was issued or served.

On September 16, 2009, the Court denied the Motion to Dismiss brought by Juanita and Cover Drive, holding, *inter alia*, that a re-arrest of the M/Y BIRGITTA was not required under

**OPPOSITION OF COVER DRIVE INC. TO MOTION *IN LIMINE* NO. 2**

1   the First Amended Complaint:

2         In the present case, the vessel was arrested upon a verified complaint,

3         which contained the same claims alleged in the FAC. The FAC did not

4         remove any causes of action, but rather added new material to support

5         Plaintiff's original claim for breach of contract. See FAC ¶ 10. Because

6         the FAC incorporated the same claims alleged in the initial complaint that

7         served as the basis for the arrest, Plaintiff is not required to pursue a new

8         arrest warrant.

9         The Court's September 16, 2009, minutes made no reference to the July 27, 2009,

10   deadline (July 25, 2009 was a Saturday) for filing claims established by the Bank's July 15,

11   2009, "Notice of Service of First Amended Complaint on M/Y BIRGITTA In Rem Currently

12   in Custodia Legis" and July 30, 2009, "Proof of Publication."

13         On December 14, 2009, Cover Drive filed a timely Answer to the Bank's First

14   Amended Complaint (Dkt. #119).

15   **III.**

16   **APPLICABLE LAW.**

17         Rule C of Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture

18   Actions, and Local Rule C(RC-C), set forth procedural requirements with respect to arrest,

19   service, notice, filing statements of interest, and default, as follows:

20       1.    An action in rem is initiated by filing a verified complaint which, *inter alia*,

21           describes with reasonable particularity the property that is the subject of the

22           action (Supp. Admiralty Rule C(2)(b));

23       2.    The court reviews the complaint and any supporting papers and, if the conditions

24           for an in rem action appear to exist, issues an order directing the clerk to issue a

25           warrant for the arrest of the vessel or other property that is the subject of the

26           action (Supp. Admiralty Rule C(3)(a)(i));

27       3.    If the property that is the subject of the action is a vessel, the warrant and any

28           supplemental process must be delivered to the marshal for service (Supp.

-5-

**OPPOSITION OF COVER DRIVE INC. TO MOTION *IN LIMINE* NO. 2**

1    Admiralty Rule C(3)(a)(ii));

2    4.    If the property is not released within 14 days after execution of process, the

3    plaintiff must promptly – or within the time the court allows – give public notice

4    of the action and arrest . . . *The notice must specify the time under Rule C(6) to*

5    *file a statement of interest in or right against the seized property and to answer*

6    (Supp. Admiralty Rule C(4) (emphasis added)).  Local Rule C.3 (RC-C.3) further

7    requires that the notice contain: (i) the Court, title, and number of the action; (ii)

8    the date of the arrest; (iii) the identify of the property arrested; (iv) the name,

9    address, and telephone number of the plaintiff's attorney, (v) *a statement that the*

10   *claim of a person who is entitled to possession or who claims an interest*

11   *pursuant to Supplemental Rule C6 must be filed with the Clerk and served on the*

12   *plaintiff's attorney **within ten (10) days after publication***; (vi) *a statement that*

13   *an answer to the complaint must be filed and served within twenty (20) days after*

14   *publication, and that otherwise, default may be entered and condemnation*

15   *ordered*; (vii) a statement that applications for intervention under Federal Rule

16   24 by persons claiming maritime liens or other interests shall be filed within the

17   time fixed by the Court; and (vii) the name, address and telephone number of the

18   Marshal.  (Emphasis added.)

19   5.    A party seeking default ***must show** that due notice of the action and arrest of*

20   *the property has been given* (1) by publication as required in Local Rule C3(2)

21   by service upon the master or other person having custody of the property and

22   (3) by service under Federal Rules 5(b) ***upon every other person who has not***

23   ***appeared in the action and is known to have an interest in the property***.  C.4.

24   (RC-C.4.)(a).

25   6.    If the defendant property is of such character that there exists a governmental

26   registry of recorded property interests or security interests in the property, ***the***

27   ***plaintiff must attempt to notify all persons named in the records of each such***

28   ***registry***.  C.4. (RC-C.4.)(b)(3).

-6-

**OPPOSITION OF COVER DRIVE INC. TO MOTION *IN LIMINE* NO. 2**

7. Failure to give notice as provided by this Rule *__shall be grounds for setting aside__* *__the default__* under applicable rules but shall not affect title to property sold pursuant to order of sale or judgment.  C.4. (RC-C.4.)(c)

8. After the time for filing an answer has expired, the plaintiff may apply for entry of default under Federal Rule 55(a).  Default will be entered upon a <u>showing</u> that:

    (a)    *__Notice has been given as required by Local Rule C4(a)__*; and

    (b)    *__Notice has been attempted as required by Local Rule C4(b)__*, where appropriate; and

    (c)    The time for answer has expired; and

    (d)    *__No one has appeared to claim the property__*.  Judgment may be entered under Federal Rule 55(b) at any time after default has been entered.

## IV.

## ARGUMENT.

When disentangled, the Bank's argument appears to be that notwithstanding having given notice in both its July 9, 2009 "Notice of Service of First Amended Complaint" and its July 15, 2009 publication of such notice, that the deadline for filing and serving Supp. Admiralty Rule C(6) claims was ten (10) days from July 15, 2009, or July 27, 2009 (July 25 was a Saturday), and notwithstanding Cover Drive's filing and service of a Statement of Claim of Right and Interest on July 24, 2009, and having never objected that the claim was untimely during the past year of litigation, the Bank has suddenly decided that the Court's September 16, 2009, Order Denying the Motion to Dismiss implicitly and retroactively vacated or otherwise vitiated the July 27, 2009, deadline the Bank noticed in its own documents, thereby reinstating an October 6, 2008, deadline, without any advance notice to Cover Drive that the Bank was unilaterally and retroactively rescinding the July 27, 2009, deadline.[1/] If the foregoing seems

---

[1/] If anything, the denial of the Motion to Dismiss established the Bank's First Amended Complaint as the operative pleading, affirming that the initial Complaint was superseded.

1  contorted, it is faithful to the Bank's argument.

2

3                                   [TO BE COMPLETED.]

4

5

6

7  Dated: June 18, 2010                 LAW OFFICES OF BRUCE IAN FAVISH

8

9                                 By:   /s/ Bruce I. Favish
                                       Bruce I. Favish, Attorney for Specially
10                                      Appearing Claimant COVER DRIVE INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         -8-
**OPPOSITION OF COVER DRIVE INC. TO MOTION *IN LIMINE* NO. 2**