O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#124/127/133

CIVIL MINUTES - GENERAL

| Case No. | CV 08-5893 PSG (SSx) | Date | July 21, 2010 |
|---|---|---|---|
| Title | Capital Bank PLC v. The M/Y Birgitta | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):      Attorneys Present for Defendant(s):

Not Present      Not Present

**Proceedings:** **(In Chambers) Order Granting Plaintiff's Motion for Summary Judgment Against Cover Drive, Inc.**

Pending before the Court is Plaintiff's Motion for Summary Judgment Against Cover Drive, Inc., Motion for Evidentiary Sanctions Against Cover Drive, Inc., and Motion *in Limine* No. 2 Against Cover Drive, Inc. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Plaintiff's Motion for Summary Judgment Against Cover Drive, Inc. Accordingly, Plaintiff's Motion for Evidentiary Sanctions Against Cover Drive, Inc. and Motion *in Limine* No. 2 Against Cover Drive, Inc. are hereby rendered MOOT.

I.     Background

Since 2004, Specially Appearing Claimant Juanita Group Ltd ("Juanita") has been a limited liability company registered in the British Virgin Islands. *See Pl.'s Statement of Uncontroverted Facts and Conclusions of Law ("SUF")* ¶ 1. On March 23, 2005, Juanita purchased the Defendant motor yacht Birgitta (the "vessel") from Specially Appearing Claimant Cover Drive, Inc. ("Cover Drive"). *See id.* ¶ 2. Juanita and Cover Drive entered into a contract whereby Juanita gave Cover Drive 600,000 shares of Tiger Telematics, Inc. stock as full consideration for the vessel. *See id.* ¶ 4. The contract did not (1) require the Tiger Telematics stock to have a particular value, (2) provide Cover Drive with a lien on the vessel, or (3) require Juanita to provide a mortgage to Cover Drive. *See id.* ¶¶ 7-8. In April 2005, Juanita acquired title to the vessel from Cover Drive. *See id.* ¶ 3.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#124/127/133

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5893 PSG (SSx) | Date | July 21, 2010 |
|---|---|---|---|
| Title | Capital Bank PLC v. The M/Y Birgitta | | |

In June 2005, Juanita took out a $6 million loan with Plaintiff Capital Bank PLC ("Plaintiff" or the "Bank"), secured by a first preferred statutory ship mortgage on the vessel. *See id.* ¶¶ 11-13. On June 28, 2005, Juanita executed a Marine Loan Agreement in the principal amount of $6 million plus interest payable in 120 monthly payments of $62,908.65. *See id.* ¶ 11. That day, Juanita executed and delivered to the Bank a first preferred statutory Mortgage of a Ship. *See id.* ¶ 12. On September 16, 2005, Juanita registered the vessel as a British Ship with the Registry of Shipping and Seamen ("ROSS") in Cardiff, Wales. *See id.* ¶ 10. Subsequently, on September 26, 2005, the Bank registered and recorded the ship mortgage with ROSS. *See id.* ¶ 14.

In May 2006, Plaintiff filed suit against Juanita and the vessel, arresting the vessel pursuant to the complaint. In the meantime, on July 30, 2007, Oak Creek Commercial S.A.—the sole director of Juanita—issued a Certificate of Debt Recognition, formally acknowledging a purported debt owed by Juanita to Cover Drive in the amount of $10,500,000.00 dating back to the original sale of the vessel. *See id.* ¶ 17. On August 15, 2007, Cover Drive registered a ship mortgage against the vessel at ROSS and at the Registrar of Companies ("Companies House"). *See id.* ¶¶ 18, 19. Michael Flemming—who purchased Juanita on June 5, 2007—had a long-standing professional relationship with Cover Drive's owner, Timur Mohmmed. *See id.* ¶ 15; *Notice of Exhibits* ¶ 6, Ex. 6, at 12:8-16.

On January 10, 2008, Plaintiff voluntarily dismissed the action to promote settlement, but refiled on September 9, 2008. On May 13, 2010, Plaintiff filed three motions against Cover Drive: (1) a Motion for Summary Judgment, (2) a Motion for Evidentiary Sanctions, and (3) a Motion *in Limine*. The Motion for Summary Judgment was originally noticed for hearing on July 12, 2010, and Cover Drive's opposition to the motion was due on June 7, 2010. *See* Fed. R. Civ. P. 56(c)(1)(B). When Cover Drive failed to timely oppose the motion, the parties stipulated to an extension. On June 14, 2010, the Court ordered that Cover Drive's opposition to the Motion for Summary Judgment was to be due on June 18, 2010. On June 18, 2010, however, Cover Drive filed a seven-page partial opposition to the Motion for Summary Judgment. That day, counsel for Cover Drive filed a declaration explaining that he became ill on the due date, was unable to complete the opposition, and promised to file an amended opposition the following week. *See* Dkt. #155. No amended opposition was ever filed.

II.     Legal Standard

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#124/127/133

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5893 PSG (SSx) | Date | July 21, 2010 |
|---|---|---|---|
| Title | Capital Bank PLC v. The M/Y Birgitta | | |

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies this burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. *See id.* at 257. A non-moving party who bears the burden of proving an essential element to its case at trial must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). An issue of fact is a genuine issue if it can reasonably be resolved in favor of either party. *See Anderson*, 477 U.S. at 250-51. Furthermore, "a district court has the responsibility to construe all facts in the light most favorable to the non-moving party." *Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir. 2009).

III.   Discussion

Plaintiff raises two arguments in favor of entering summary judgment against Cover Drive. First, Plaintiff contends that its mortgage has priority over Cover Drive's because Plaintiff's was registered first in time. *See Mot.* 6:9-9:11. According to Plaintiff's English law expert,[1] priority under the Merchant Shipping Act 1995 is determined by the order of registration. Second, Plaintiff claims that Cover Drive's mortgage was a "fraud" based on a non-existent debt owed by Juanita to Cover Drive. *See id.* at 9:14-10:18. Plaintiff claims that

---

[1] In support of the Motion for Summary Judgment, Plaintiff provides declarations of its expert witness on English law, Michael Joseph McParland ("McParland"). *See SUF* ¶ 9 (copy of March 12, 2009 McParland Declaration ("McParland One")); *id.* ¶ 10 (copy of June 8, 2009 McParland Declaration ("McParland Two")). McParland has been a barrister in full-time independent practice since 1984. He is a member of Quadrant Chambers, one of the leading commercial and maritime barristers' chambers in England. His practice areas include maritime law and international litigation, and he lectures and publishes regularly on matters of commercial and international law. McParland is also a member of the California State Bar and has taught as an adjunct professor at Pepperdine University. He has been accepted as an expert on English commercial and maritime law by other federal district courts. *See McParland One* ¶¶ 3-6.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#124/127/133

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5893 PSG (SSx) | Date | July 21, 2010 |
|---|---|---|---|
| Title | Capital Bank PLC v. The M/Y Birgitta | | |

Michael Flemming manufactured the purported debt because Juanita purchased the vessel for full consideration over two years earlier. *See id.* at 10:2-18.

In its partial opposition, Cover Drive includes only an "introduction" to its arguments, and attaches a Response to Plaintiff's Undisputed Facts and Separate Statement of Additional Facts. The Court considers the arguments presented in the "introduction" of the opposition. First, Cover Drive contends that English law requires a mortgagee to register the charge at both ROSS and Companies House. Seizing upon the Court's discussion of English law in a previous motion to dismiss, *see* Dkt. #177, Cover Drive argues that the Bank's failure to register the mortgage at Companies House affects its priority as to other creditors. *See Opp.* 2:2-15. Second, Cover Drive claims that the Bank fails to acknowledge that the original sale of the vessel to Juanita was not based solely on the sale of Tiger Telematics, Inc. stock; rather, the sale was conditioned on Juanita's promise to cover any shortfall between the price of the Tiger Telematics stock and $10,500,000.00. *See id.* at 4:3-11.[2] As the Court finds that English law supports the priority of Plaintiff's mortgage under the Merchant Shipping Act 1995, Plaintiff's claim that Cover Drive's mortgage was fraudulent need not be considered.

    A.    <u>Priority of the Bank's Mortgage</u>

The Court finds that Cover Drive fails to demonstrate any triable issue of fact as to the priority of Plaintiff's mortgage. The parties agree that English law governs the Bank's and Cover Drive's competing claims to the vessel. The Court finds that, under English law, Plaintiff's mortgage has priority over Cover Drive's because it was registered first in time.[3] *See Mot.* 4:13-19. According to Schedule 1 to the Merchant Shipping Act 1995,

---

[2] Cover Drive cites to Exhibit 289, which apparently is an April 4, 2005 letter from Carl Freer to Cover Drive indicating that Juanita would pay Cover Drive any shortfall between the purchase price of $10.5 million and the price of the Tiger Telematics, Inc. stock. *See Mohmmed Decl.* ¶ 6. Cover Drive does not provide a copy of Exhibit 289 for the Court to review in resolving Plaintiff's Motion for Summary Judgment. Furthermore, in the reply, Plaintiff claims that the letter was a personal guarantee of Carl Freer, rather than a guarantee of Juanita. *See Reply* 6 n.1.

[3] In resolving questions of foreign law, the Court "may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1. The Court's determination of foreign law is treated as a legal determination rather than a factual determination. *See id.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#124/127/133**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5893 PSG (SSx) | Date | July 21, 2010 |
|---|---|---|---|
| Title | Capital Bank PLC v. The M/Y Birgitta | | |

> (1) Where two or more mortgages are registered in respect of the same ship or share, the priority of the mortgages between themselves shall, subject to sub-paragraph (2) below, be determined by the order in which the mortgages were registered *(and not by reference to any other matter)*.
>
> (2) Registration regulations may provide for the giving to the registrar by intending mortgagees of "priority notices" in a form prescribed by or approved under the regulations which, when recorded in the register, determine the priority of the interest to which the notice relates.

*McParland One* 10:13-19 (emphasis added).

It is undisputed that the vessel was a British flagged yacht, and Plaintiff registered its ship mortgage at ROSS on September 26, 2005. *See SUF* ¶¶ 10, 14. There is no evidence of any registration regulations requiring the Bank to provide a "priority notice" at the time of registration, which would implicate subsection (2) above, and Cover Drive does not purport to have such a "priority notice." Nearly two years after Plaintiff registered its mortgage at ROSS, Cover Drive registered its mortgage at ROSS and Companies House. *See id.* ¶¶ 18, 19. Pursuant to the priority rules of the Merchant Shipping Act 1995, the Court finds that the Bank's mortgage has priority over Cover Drive's later-registered mortgage.

  B. Effect of Non-Registration at Companies House

In its partial opposition, Cover Drive argues that its mortgage has priority because Plaintiff failed to register its mortgage at both ROSS and Companies House. Under what was formerly § 395 of the Companies Act 1985, an unregister charge is "void against the liquidator or administrator and any creditor of the company." *See McParland One* ¶ 50. However, Plaintiff's English law expert clarifies that "any creditor of the company" cannot challenge a ship mortgage's non-registration in the event that the mortgage is perfected by arrest of the vessel. According to authority presented by Plaintiff's English law expert,

> If, at the time where there is no party entitled to impeach the charge, the charge sells the security or obtains a foreclosure order absolute or *perfects the charge by seizure* or procures payment in satisfaction of it (the charge becomes exhausted and

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#124/127/133

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5893 PSG (SSx) | Date | July 21, 2010 |
|---|---|---|---|
| Title | Capital Bank PLC v. The M/Y Birgitta | | |

> its invalidity as against [a] subsequent secured creditor or a liquidator does not affect the chargee's right to retain the property or proceeds of sale.

*Id.* ¶ 86 (quoting Goode, *Commercial Law* 667 (3d ed. 2004)) (emphasis in original).

Even assuming that the Companies Act 1985 applies to Juanita,[4] Cover Drive cannot challenge Plaintiff's mortgage on the basis of its non-registration because Plaintiff arrested the vessel. *See Mot.* 8:16-19. Plaintiff's English law expert explains that the Bank's arrest of the vessel prevents "any creditor" from challenging the Bank's mortgage on the basis of its non-registration. *See id.* ¶ 87 ("Thus, as with liquidators or administrators set out above, the arrest of the M/V Birgitta prevents any argument by '*any creditor of the company*.'" (emphasis in original)); *id.* ¶¶ 73-75 (surveying English case law involving pre-liquidation perfection of unregistered mortgages through seizure and concluding that "[s]ection 395 does not interfere in any way with the Plaintiff Bank's statutory rights granted to them under the Merchant Shipping Act 1995 and the Registration Regulations"); *see also McParland Two* ¶ 66 ("Indeed, the seizure of the M/V Birgitta, prevents any liquidator, administrator or *subsequent secured creditor of the company* [from] raising any complaint under what was section 395 of the Companies Act . . . ." (emphasis added)). Thus, no secured creditor would be able to challenge Plaintiff's mortgage for failure to register with Companies House due to the Bank's arrest of the vessel.

As noted in the reply, Cover Drive does not dispute this interpretation of English law. *See Reply* 7:18-24 ("Cover Drive does not dispute in any way the well documented legal proposition above from the McParland English law declarations."). Instead, Cover Drive focuses on a passage in the Court's prior order denying a previous motion to dismiss, in which the Court stated that "[f]ailure to register the mortgage does not affect its validity as between mortgagor and mortgagee, but it does affect its priority."[5] *See* Dkt. #47 (citation omitted).

---

[4] As noted in the Court's previous order denying Defendants' Motion to Dismiss, the Companies Act 1985 applies only to companies with an "established place of business" in the United Kingdom. *See* Dkt. #47, at 6 n.2. The Court need not examine whether there is a factual issue with regard to Juanita's place of business because Cover Drive cannot challenge the non-registration of Plaintiff's mortgage in any event.

[5] On this basis, Cover Drive urges the Court to "take the step of entering judgment in favor of Cover Drive on the grounds that the Bank's mortgage is void as to Cover Drive based on the Court's December 2, 2009, decision, which is the law of the case with respect to such issue."

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#124/127/133**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5893 PSG (SSx) | Date | July 21, 2010 |
|---|---|---|---|
| Title | Capital Bank PLC v. The M/Y Birgitta | | |

Cover Drive also highlights various passages in which McParland suggests that a mortgage that is not registered with Companies House is invalid against any other creditor of the company. *See Opp.* 2:16-3:16. Cover Drive, however, conspicuously fails to address Plaintiff's argument that the seizure of the vessel circumvents this § 395 non-registration argument.

The Court finds that the Bank's arrest of the vessel immunizes the Bank's mortgage from Cover Drive's § 395 attack and that, thus, the priority rules of the Merchant Shipping Act 1995 apply. Accordingly, Plaintiff's mortgage has priority over Cover Drive's under English law, notwithstanding the fact that Plaintiff did not register the mortgage with Companies House, because Plaintiff's mortgage was registered first. Therefore, the Court GRANTS Plaintiff's motion for summary judgment against Cover Drive.

IV.   Conclusion

Based on the foregoing, the Court GRANTS Plaintiff's motion for summary judgment against Cover Drive. As Plaintiff is entitled to judgment as a matter of law against Cover Drive, Plaintiff's Motion for Evidentiary Sanctions and Motion *in Limine* No. 2 are hereby rendered MOOT.

**IT IS SO ORDERED.**

---

*See Opp.* 3:20-22. The Court declines to do so. The passages cited in the opposition do not account for the Bank's seizure of the vessel and the effect of the arrest on Cover Drive's § 395 argument. The Court would also have to find no genuine triable issue as to Juanita's "established place of business" before applying the Companies Act to this case, and Cover Drive offers no evidence to support a finding that Juanita had an established place of business in the United Kingdom.