

**KAYE, ROSE & PARTNERS, LLP**
Bradley M. Rose (SBN 126281)
Frank C. Brucculeri (SBN 137199)
Daniel F. Berberich (SNB 215946)
1801 Century Park East, Suite 1500
Los Angeles, California 90067-2302
Telephone: (310) 551-6555
Facsimile: (310) 277-1220
E-mails: brose@kayerose.com
fbrucculeri@kayerose.com

Attorneys for Plaintiff
CAPITAL BANK PLC.
(a subsidiary of Bank of Scotland)

E-FILED
AUG - 6 2010
Document # _____
JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| CAPITAL BANK PLC. (a subsidiary of Bank of Scotland),<br><br>Plaintiff,<br><br>vs.<br><br>The M/Y BIRGITTA, Official No. 910659, her engines, tackle and apparel, etc., *in rem*; JUANITA GROUP LIMITED, *in personam*,<br><br>Defendants. | Case No.: CV-08-5893 PSG (SSx)<br><br>*IN ADMIRALTY*<br><br>[PROPOSED] FINAL JUDGMENT<br><br>FRCP 58 |

    Pursuant to the Order Granting Plaintiff CAPITAL BANK PLC.'s ("Capital Bank") Motion for Summary Judgment Against Cover Drive, Inc. (Dkt. #196), the Order Granting Plaintiff's Motion for Summary Judgment Against M/Y Birgitta (Dkt. #201), and the Order Granting Request for Default Against All Parties Who Have Not Filed Claims in this Action (Dkt. #204), entered in this action with respect to Plaintiff's Verified First Amended Complaint *In Rem* and *In Personam* (Dkt. #23):

///

IT IS ORDERED AND ADJUDGED that:

1. Plaintiff Capital Bank holds a valid and enforceable first preferred Marine Mortgage dated July 6, 2005, and a valid and enforceable Statutory Mortgage of a Ship dated June 28, 2005 (collectively referred to herein as "Marine Mortgage"), which constitutes a lien against the vessel Motor Yacht BIRGITTA, Official Number 910659, British Registry, her engines, tackle, apparel, furniture, gear, and all other appurtenances and necessaries thereto appertaining and belonging (the "Vessel"), *in rem*, and its registered owner, Defendant and Specially Appearing Claimant JUANITA GROUP LIMITED (hereinafter referred to as "Juanita Group").

2. Other than Juanita Group and Specially Appearing Claimant COVER DRIVE INC. (hereinafter "Cover Drive"), no other party has appeared or made claim to the Vessel. As the Court by way of its August 4, 2010 Order (Dkt. #204) has entered default with respect to Plaintiff's Verified First Amended Complaint *In Rem* and *In Personam* (Dkt. #23) against all persons or entities, other than Juanita and Cover Drive, who have failed to file a claim and Answer in this action as required by the Court, the Court now hereby enters judgment with respect to Plaintiff's Verified First Amended Complaint *In Rem* and *In Personam* (Dkt. #23) against all persons or entities, other than Juanita and Cover Drive, who have failed to file a claim and Answer in this action as required by the Court. All such claims by persons or entities who have failed to file a claim are barred and the Court hereby dismisses those claims with prejudice.

3. Capital Bank's Marine Mortgage satisfies all of the requirements of the Ship Mortgage Act, 46 U.S.C. § 911 *et seq.*, amended and recodified as the Maritime Commercial Instruments and Liens Vessel Identification System Act of 1988, 46 U.S.C. § 31321 *et seq.* (hereinafter referred to as the "Ship Mortgage Act"), necessary for the mortgage to constitute a "preferred mortgage lien" on the Vessel within the meaning of the Ship Mortgage Act, and as such Capital Bank is entitled to the benefits and priority provided for therein.

4. Capital Bank's Marine Mortgage is senior, prior, superior, and has priority

1. over all other interests, liens, or claims of whatsoever nature in the Vessel, including Cover Drive's claim of right to and/or interest in the Vessel (Dkt. #87).

5. The Marine Mortgage secures certain indebtedness of Juanita Group to Capital Bank, evidenced by the Marine Loan Agreement dated June 28, 2005 (hereinafter referred to as "Marine Loan Agreement"), executed and delivered by Juanita Group in favor of Plaintiff Capital Bank.

6. Juanita Group breached the Marine Loan Agreement and the Marine Mortgage by failing to make principal and interest payments when due following the arrest of the Vessel by Capital Bank in May 2006 and in allowing a change of ownership or control of Juanita Group in July 2007, each of which failures constituted an "event of default" under the terms of the Marine Loan Agreement and the Marine Mortgage.

7. By way of its Order Granting Plaintiff's Motion for Summary Judgment Against M/Y Birgitta (Dkt. #201), the Court adjudicated that on July 6, 2005 the Bank funded the loan to Juanita Group in the amount of $6,000,000.00, and that Juanita Group made ten (10) monthly payments of $62,908.56 on the loan from October 6, 2005 to April 28, 2006. Based on said Order, the Marine Mortgage is foreclosed and judgment is hereby entered in favor of Capital Bank against the vessel M/Y BIRGITTA *in rem* in the amount of $5,730,913.40 as follows:

   a.   Principal on Note.................................$6,000,000.00
   b.   Less 10 payments of $62,908.56 made by
        Juanita Group.......................................-$629,085.60
        TOTAL OF ABOVE..................................$5,730,913.40

8. Plaintiff Capital Bank has incurred, and will continue to incur interest and/or late charges on the principal amount of the loan. In addition, Capital Bank has incurred, and will continue to incur attorney's fees and costs in the collection of the amounts due under the Marine Loan Agreement and Marine Mortgage, which fees and costs are expressly recoverable under the Marine Loan Agreement (clause 12.1) and Marine Mortgage (clause 14(g)) and/or pursuant to the application of English law.

1  Plaintiff has also incurred, and will continue to incur expenses relating to the foreclosure
2  action, including insurance expenses, substitute custodian fees (*custodia legis* expenses),
3  repairs and maintenance expenses, U.S. Marshal's fees and expenses, and publication
4  expenses, all of which shall be deemed administrative expenses of this action. With
5  respect to these aforementioned items of damages, costs and administrative expenses,
6  and should Capital Bank seek to pursue sale of the Vessel and credit bid, the Court
7  directs Capital Bank to prove up the amount of such damages, costs and administrative
8  expenses and/or seek sale of the Vessel and credit bid by way of regularly noticed
9  motion(s).

   9.  Plaintiff Capital Bank is further entitled to interest on the sum of judgment entered herein, and any amended judgment, from the date of entry of judgment until paid as provided by 28 U.S.C. § 1961.

   10. Should Capital Bank seek sale of the Vessel, unless there are no proceeds from the sale such as in the case of Capital Bank being the successful bidder with the sale price not exceeding the amount of Capital Bank's credit bid, the proceeds of the sale shall be deposited by the Marshal into the registry of the Court, after deduction of the Marshal's commission in accordance with 28 U.S.C. §1921(c)(1), and shall be promptly deposited into an interest bearing account, pending further order of this Court authorizing distribution. Upon deposit of the proceeds into the registry of the Court, the parties may apply via *Ex Parte* Application to satisfy their liens as established by this judgment based on the following priorities:[1]

   (a)  First priority is Capital Bank's lien for *custodia legis* expenses in an

---

[1] The priority of claims is established by 46 U.S.C. § 31326(b)(1) (providing that a lien for *custodia legis* expenses takes priority over all other claims); see also *Hibernia Nat'l Bank v. M/V NIC*, 2005 U.S. Dist. LEXIS 9197, *19 (E.D. La. 2005) (holding that expenses of justice during *custodia legis* take first priority over all other liens); *Fortis Bank (Nederland) N.V. v. M/V Shamrock*, 379 F.Supp.2d 2, 7 (D.C. Me. 2005) (same). See also *General Electric Credit Corp. v. O/S Triton*, 712 F.2d 991, 994 (5th Cir. 1983) (holding that where the mortgage provides it is security for all debts under the note, attorney's fees and costs are secured and have the same priority as the underlying obligation); *European-American Banking Corp. v. M/S Rosaria*, 486 F.Supp. 245, 258 (S.D. Miss. 1979) (same).

1  amount to be proven up by way of regularly noticed motion as indicated in ¶ 8 of this judgment.

2  (b)  Second priority is Capital Bank's lien for $5,7~~8~~0,91~~2~~.40 [handwritten: 37, 4, 8] with respect to the principal amount of its preferred mortgage less the payments by Juanita Group. This amount shall also include the amount for interest on the principal and/or late charges to be proven up by way of regularly noticed motion as indicated in ¶ 8 of this judgment.

3  (c)  Third priority is Capital Bank's lien for costs, attorney's fees, and/or administrative expenses, to be proven up by way of regularly noticed motion as indicated in ¶ 8 of this judgment.

4  (d)  In the event that any proceeds remain after Capital Bank satisfies the amount of its lien pursuant ¶¶ 10(a) through (c) of this judgment, then fourth priority is Cover Drive's lien for its mortgage, in an amount as determined by the Court, in the event that Cover Drive properly applies to the Court and proves up its claim by way of regularly noticed motion.

5  (e)  In the event that any proceeds remain after Capital Bank satisfies the amount of its lien and either (1) Cover Drive establishes a claim and satisfies the amount of its lien from the remaining proceeds, or (2) the Court adjudicates that Cover Drive's claim is not valid; then upon application to the Court by way of regularly noticed motion, Juanita Group may request disbursement of all remaining proceeds.

The Clerk shall immediately enter this Final Judgment.

IT IS SO ORDERED.

DATED: 8/6/10

_____
UNITED STATES DISTRICT COURT JUDGE